IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAVON R. BLACKMON | * | |
| #302668 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. CCB-07-466 |
| | * | |
| F. HINTON, Warden, *et al.* | * | |
| Respondents | * | |

oOo
**MEMORANDUM**

Before the court is a pro se 28 U.S.C. §2254 petition for federal habeas corpus relief filed by Tavon Blackmon, an inmate at the Maryland Reception, Diagnostic and Classification Center, (MRDCC) challenging his convictions in 2001 for first-degree murder and a related handgun offense in the Circuit Court for Baltimore City.  Respondents, Felicia Hinton, Warden of the Maryland Diagnostic and Classification Center, and Douglas F. Gansler, Attorney General of the State of Maryland, by their counsel have moved to dismiss the petition as time-barred. Petitioner has filed a reply in opposition. Upon review of the pleadings, exhibits and applicable law, the court finds that no hearing is necessary and the petition is untimely.  The petition will be dismissed by separate order.

**I. Procedural Background**

On May 4, 2001, a jury sitting in the Circuit Court for Baltimore City found Blackmon guilty of first-degree murder, use of a handgun, and wearing a handgun.  On July 9, 2001, the court sentenced him to a term of life for the first-degree murder charge, a consecutive ten-year term for use of a handgun, and merged the remaining handgun conviction.

Blackmon, by his counsel, appealed his convictions in the Court of Special Appeals of Maryland.  On June 12, 2002, the court affirmed Blackmon's convictions.  By order dated October

10, 2002, the Court of Appeals of Maryland declined further review. Blackmon did not file for certiorari review before the Supreme Court of the United States. As a result, his convictions became final on January 8, 2003, when the time for filing a petition for certiorari in the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1 (providing that a petition for writ of certiorari requesting review of a judgment of a lower court that is subject to discretionary review by the state court of last resort is timely when filed within ninety days after entry of order denying discretionary review).

On May 25, 2004, Blackmon filed a petition for post-conviction relief in the Circuit Court for Baltimore City. The court conducted a hearing on the petition on January 28, 2005. On May 31, 2005, the court granted Blackmon leave to file a belated motion for modification of sentence, but otherwise denied post-conviction relief. On December 23, 2005, the Court of Special Appeals of Maryland denied Blackmon's application for leave to appeal the denial of post-conviction relief, and issued the mandate on January 30, 2006. Blackmon filed the instant 28 U.S.C. §2254 petition for federal habeas corpus relief on February 18, 2007.[1]

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging noncapital state convictions. *See* 28 U.S.C. §§ 2244(d),[2] 2263. This one-year period is tolled while properly

---

[1] For the purposes of reviewing the timeliness of the petition under 28 U.S.C. §2244(d), the court deems the petition as delivered to prison authorities on the date it was signed, February 18, 2007. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D.Md. 1998)

[2] 28 U.S.C. § 2244(D) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

filed post- conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

**III. Analysis**

As earlier noted, Blackmon's judgment of conviction became final on January 8, 2003, when the time for filing a petition for certiorari expired. Given the facts presented here, there were no state post-conviction proceedings pending between: 1) January 8, 2003, through May 25, 2004 (16 months), and 2) January 30, 2006, through February 18, 2007 (twelve months). These times exceed the one-year limitations period.

In his reply, Blackmon asserts that equitable tolling is warranted because he was transferred

---

latest of-

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

with other inmates from the Maryland House of Corrections on July 26, 2006 to the MRDCC after the July 25, 2006, stabbing and murder of a corrections officer.  Blackmon explains that his legal paperwork was not transferred at the same time.  According to Blackmon, his legal materials were not provided to him until February 7, 2007.  Petitioner also indicates the MRDCC does not have a law library.

      The one-year period of limitations applicable here began to run on January 8, 2003, and expired on January 8, 2004, long before Blackmon's transfer to MRDCC. This means that Blackmon's petition was already untimely when he was transferred in July of 2006, and there is no basis to apply principles of equitable tolling.  In conclusion,  Blackmon has failed to satisfy his burden to demonstrate that equitable tolling is warranted. Accordingly, the petition is time-barred and will be dismissed by separate order.


<u>April 11, 2007</u>                                                     _____/s/_____
Date                                                                  Catherine C. Blake
                                                                           United States District Judge